Joseph **SLIFKA** and Sylvia Slifka d/b/a Lonsdale Mills, Plaintiffs,

v.

**CITATION FABRICS CORP.**, Defendant.

No. 71 Civ. 846.

United States District Court,
S. D. New York.

March 23, 1971.

Lauritano & Schlacter, New York City, for plaintiffs.

Salon, Ortner, Yavers, Dershowitz & Raybin, New York City, for defendant.

## MEMORANDUM

FRANKEL, District Judge:

This is another item in this court's steady stream of business involving alleged infringements of copyrights on textile designs. Plaintiffs' Copyright No. H 38335 issued on April 11, 1969. The accused design by defendant is also copyrighted, being No. H 42599 granted September 25, 1970.

█ As the issues have come to a focus, there is no need to strive for intensely vivid description of the two designs in question. There are marked similarities. Both center upon a large diamond, the bulk of which is a paisley pattern, surrounded by a border, containing rectangular stripes in plaintiffs' case and a more jagged mosaic effect in defendant's. The white fields around the four sides of each diamond contain two abstract objects, again reflecting similarities in conception but with differences in execution. The colors in the two samples given to the court are strikingly similar, and this is a factor to be weighed despite the agreed noncopyrightability of color as such. The wider border surrounding the diamond and field repeats the design of the diamond's border in each sample. It was urged on argument for plaintiffs that the borders are among the most notable aspects of their work. · And yet, for the reason already mentioned, the differences between plaintiffs' and defendant's borders are probably the clearest and most marked point of distinction. Plaintiffs' regular rectangular stripes convey a feeling of measure and order. Defendant's more jagged motif has a quality of speedy movement quite different in its impact.

If the two fabrics stood alone, to be judged as nearly as possible through the eyes of our hypothetical lay observer, decision of the pending motion would prob- ably be for the defendant. The two designs are far from identical. The differences between them are not the mere stratagems of the tricky copyist, but relatively substantial differences affecting the feeling quality and sensory impact of the whole. The materials before the court show that both parties have worked in a heavily traveled terrain where comparatively modest distinctions may be sufficient to avoid charges of infringement.

█ But however things might stand with the designs alone, there are also equitable considerations tipping the scales more decisively in defendant's favor. In their original affidavit supporting the motion, plaintiffs (specifically plaintiff Joseph Slifka) said they learned of the alleged infringement "[i]n or about February 2, 1971," then "attempted to obtain samples" of the assertedly infringing goods, succeeded in this around February 5, 1971, and then brought this lawsuit and the pending motion. The affidavit is sworn February 22, 1971, a date well suited for truthtelling. It was made, then, to appear that plaintiffs had proceeded with appropriate dispatch.

The opposing papers showed, however, that plaintiffs had sent defendant a telegram on September 30, 1970, charging the infringement now alleged. It was shown, too, that plaintiffs never pursued this charge, and that defendant went forward thereafter to produce and sell 150,-000 yards of the accused fabric, gathering an unhindered momentum which appears to have continued. Confronted with this, plaintiffs first made a feeble argument about a difference in pattern numbers though it is plain and decisive that their telegram referred precisely to the same copyright as the one now in issue. Without quite retracting that, plaintiffs then explained how their copyright document was missing and how it took, from some unspecified date, a period of some six or seven weeks to obtain a copy for preparation of the papers to begin the lawsuit. This story, shown to

be absurd, and totally unacceptable on facts readily known to the court, had the further defect of inconsistency with the account originally given by Joseph Slifka.

The upshot is that plaintiffs have been demonstrated to have been guilty of laches, and they have exhibited less than the candor owed by a party seeking the extraordinary form of equitable relief for which they came here.

For the several reasons stated, the motion for a preliminary injunction is denied.

So ordered.